## Morrissey v. Goodman et al.

*J. Swartz* and *J. G. Feldman*, for plaintiff.

*Herman H. Yaffe*, for defendant.

*R. A. White, Jr.*, and *Henry Weiss*, for garnishees.

BOK, P. J., January 18, 1949.—Goodman hired a "drive yourself" car from General Auto Rental Co. and signed a form of lease in triplicate. The rental company kept two copies and gave Goodman a third, which is pink.

Goodman drove the car to New Jersey, where he had an accident and ultimately suffered a recovery against him of $2,000. He garnisheed the rental company and its insurance carrier in the effort to pass liability for the judgment on to them.

The case can be decided on a single point. On the back of the original lease it is provided that the car may not be operated outside this State except upon written permission by the lessor noted upon the lease. The pink duplicate held by Goodman merely says: "Do not take vehicle out of State without permission". It is conceded that no written permission was given, and that he was aware of the provisions on the back of the pink duplicate.

Goodman's testimony about permission is as follows; speaking of the rental company's agent:

"A. . . . I told him I expected to go to Jersey that evening and I would be pretty late. That's all I said to him.

"Q. Did he say anything to you?

"A. He just says, 'okay' . . . I mean, I wasn't sure I was going to do it. I told him I expected to leave the State."

This evidence falls far short of oral permission requested and given. Goodman "expected" to go and was not sure that he would. Even a flat statement to the rental company's agent that he was going would not be enough, as it could indicate to the agent that he was going out of the State and was willing to take the consequences, permission or no permission; or it could be a challenge to the agent to do something about it. As it was, the agent heard only that Goodman "expected" to go to New Jersey, and it is just as reasonable to suppose that he "expected" Goodman to ask permission later, when he had made up his mind, as it is that he was giving permission when he said, "Okay". More reasonable, in fact, for Goodman did not directly ask leave.

I therefore find that the agent's answer was noncommittal and indicated no more than that he had heard: it was not permission. Goodman therefore violated his lease and there is no liability on the part of the rental company, the lessor.

This is so obviously the case that the other points raised need not be considered.

The court finds against defendant and in favor of garnishees.